1  GRACE Y. HOROUPIAN, Bar No. 180337
   Email: ghoroupian@laborlawyers.com
2  COLLIN D. COOK, Bar No. 251606
   Email: cdcook@laborlawyers.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone (949) 851-2424
5  Facsimile  (949) 851-0152

6  Attorneys for Defendants,
   Kiewit Infrastructure West Co. and Mass Electric Construction Co.
7

8              UNITED STATES DISTRICT COURT

9         FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  MIKE MARQUEZ, an individual | Case No. CIV14-00287 ABC (JEMx) |
| 12  Plaintiff, | Removed From State Court Case No: BC528636 |
| 13  vs. | |
| 14  KIEWIT INFRASTRUCTURE WEST CO., a Delaware corporation; MASS ELECTRIC CONSTRUCTION CO., a Delaware corporation; and, DOES 1 through 50, Inclusive, | [PROPOSED] ORDER RE: CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| 15 | |
| 16 | Complaint Filed:  November 22, 2013 Trial Date:       None |
| 17  Defendants. | |

18        The Court, having reviewed and considered the parties Stipulated

19  Confidentiality Agreement and Protective Order entered into between Plaintiff

20  Mike Marquez and Defendant Kiewit Infrastructure West Co. and Mass Electric

21  Construction Co., GRANTS the protective order.  A copy of the Stipulated

22  Confidentiality Agreement and Protective Order is attached to this order as

23  Exhibit A.

24

25        PURSUANT TO STIPULATION, IT IS SO ORDERED:

26  Dated: March 20 , 2014          JOHN E McDermott

27                          United States District/Magistrate Judge

28

_____

[PROPOSED] ORDER RE: STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

# EXHIBIT "A"

1  GRACE Y. HOROUPIAN, Bar No. 180337
   Email: ghoroupian@laborlawyers.com
2  COLLIN D. COOK, Bar No. 251606
   Email: cdcook@laborlawyers.com
3  FISHER & PHILLIPS LLP
   2050 Main Street, Suite 1000
4  Irvine, California 92614
   Telephone (949) 851-2424
5  Facsimile  (949) 851-0152

6  Attorneys for Defendants,
   Kiewit Infrastructure West Co. and Mass Electric Construction Co.

7

8                  UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  MIKE MARQUEZ, an individual          Case No. CIV14-00287 ABC (JEMx)

12                                       Removed From State Court
                 Plaintiff,              Case No: BC528636

13       vs.                             **STIPULATED CONFIDENTIALITY
                                         AGREEMENT AND PROTECTIVE
14  KIEWIT INFRASTRUCTURE WEST           ORDER**
    CO., a Delaware corporation; MASS
15  ELECTRIC CONSTRUCTION CO., a         Complaint Filed:  November 22, 2013
    Delaware corporation; and, DOES 1    Trial Date:       None
16  through 50, Inclusive,

17                 Defendants.

18

19       This proposed Stipulated Protective Order and Confidentiality Agreement

20  ("Protective Order") concerns the treatment of confidential information in the

21  above captioned action and is entered into between Plaintiff Mike Marquez

22  ("Plaintiff"), and Defendants Kiewit Infrastructure West Co. and Mass Electric

23  Construction Co. ("Defendants") (collectively, the "Parties"), by and through

24  their counsel of record, as follows:

25       WHEREAS disclosure and discovery in this action are likely to involve

26  production of confidential, proprietary, or private information for which special

27  protection from public disclosure and from use for any purpose other than

28  prosecuting this litigation may be warranted.  Accordingly, the Parties hereby

1   stipulate to and petition the Court to enter the following Stipulated Protective

2   Order. The Parties acknowledge that this Order does not confer blanket

3   protections on all disclosures or responses to discovery and that the protection it

4   affords from public disclosure and use extends only to the limited information or

5   items that are entitled to confidential treatment under the applicable legal

6   principles.

7        WHEREAS it is the intent of the Parties to establish procedures that will

8   expedite the discovery process – limiting the necessity for objections, subsequent

9   motions seeking to compel and/or limit discovery – and facilitate a mechanism

10  for the disposition by the Court of any disputes that may arise in connection with

11  discovery relating to confidential information; and

12       WHEREAS it is the intent of the Parties to ensure that the disclosure of any

13  confidential information within this Action be used solely for purposes of this

14  Action;

15       **IT IS HEREBY STIPULATED AND AGREED,** by and between the

16  Parties, subject to the approval of the Court, as follows:

17       **A.    Designation of Confidential Materials and Persons to Whom**

18  **Confidential Discovery Materials May Be Disclosed:**

19       1.    During the course of this Action, any party may seek to have

20  materials produced in discovery, including but not limited to responses to

21  interrogatories and documents produced pursuant to requests for production of

22  documents ("Discovery Materials"), classified as "Confidential." Any party

23  ("Designating Party") may designate as "Confidential" any Discovery Materials if

24  he/she/it in good faith believes that the Discovery Material contains confidential,

25  proprietary or private information under California or other applicable law.

26  Discovery Materials so designated are referred to herein as "Confidential

27  Material" or "Confidential Materials."

28       2.    Each page that contains protected material will be stamped or labeled

---

2

1   "Confidential Material" or "Confidential" by the producing party. Such stamp or

2   label shall be made on or affixed so as not to obscure or deface the material or

3   any portion of its contents. If only a portion or portions of the material on a page

4   qualifies for protection, the Designating Party also must clearly identify the

5   protected portion(s) (e.g., by making appropriate markings in the margins).

6   Should copies or duplicates be subsequently made of such Confidential Material,

7   the "Confidential Material" or "Confidential" stamp or label shall also be made

8   on or affixed to such copies or duplicates. All references to "Confidential

9   Material" in this Stipulated Protective Order shall be deemed to include and apply

10   to such copies, duplicates and/or extracts of all information derived from

11   Confidential Material, and to Confidential Material marked as exhibits at

12   depositions or otherwise used during the Action. Testimony generated from

13   information designated as Confidential Material will be identified as such either

14   by a statement on the record, before the close of the deposition, hearing, or other

15   proceeding, or stamping or labeling as "Confidential Material" or "Confidential"

16   documents or selected pages of documents containing such testimony.

17        3.    If any party, through inadvertence, does not designate certain

18   Discovery Materials as Confidential Material, but thereafter determines that such

19   Discovery Material should have been so designated, it shall provide written

20   notice, within 30 days after determining that such Discovery Material should have

21   been so designated, of the designation thereof as Confidential Material. To the

22   extent practicable, such Discovery Materials will be treated as Confidential

23   Material from the date of receipt of such notice. If a party designates certain

24   Discovery Materials as Confidential Material and later determines that such

25   Discovery Material should not have been so designated, it shall promptly provide

26   written notice of the removal of the designation to all other parties, along with a

27   duplicate copy of the Discovery Materials without the "Confidential Material" or

28   "Confidential" marking.

3

4.     All Confidential Material and any portion thereof, including copies thereof, information contained therein and any abstracts, extracts, indices, summaries, charts, notes or other information derived therefrom, shall be deemed confidential, shall be used solely for the purposes of preparation, trial, appeals or settlement of this Action, and shall not be disclosed, given, shown, made available, discussed or otherwise communicated in any way to anyone other than: (a) the Court and Court personnel, (b) the Parties' counsel and staff, (c) stenographic reporters, and (d) any other "Qualified Persons" which shall include only the following: (i) any expert or consultant retained by the Parties' counsel in connection with this Action, (ii) outside vendors who perform microfiching, photocopying or similar clerical functions, and (iii) any other person(s) whom the Parties agree in writing.  "Confidential Material" may not be disclosed to any other person or entity without the prior written consent of the Designating Party or further order of the Court.   Any disclosure should be only to the extent reasonably necessary to the proper and lawful prosecution and defense of the Parties' claims in this Action, and for no other purpose.

**B.     Conditions of Disclosure:**

1.     Prior to the disclosure of Confidential Material or any information contained therein to a "Qualified Person" defined under Paragraph A(4)(d) above, counsel for the party making the disclosure shall secure from each such person an Acknowledgment and Agreement to be Bound ("Acknowledgment"), in the form attached hereto as Exhibit "A," that he or she has read this Stipulated Protective Order, he or she may not, and undertakes not to, divulge any Confidential Material or any information contained therein except in the preparation, trial or appeal of this Action and in accordance with the terms and conditions of this Stipulated Protective Order, and that he or she will not use the Confidential Material for any other purpose.   Excluded from the requirement of signing Exhibit "A" are (a) the Court and Court personnel; (b) counsel and staff for

4

1  parties in this action who have signed the Stipulated Protective Order; (c) and, all

2  current officers, directors, employees and agents of the Designating Party.

3      2.   Confidential Material shall be copied only by the Parties' counsel

4  (and their staff) in this Action (or by clerical personnel or Outside Vendors

5  assisting such counsel) and only for purposes permitted by this Stipulated

6  Protective Order, and control and distribution of Confidential Material and copies

7  thereof shall be the responsibility of such counsel, who shall maintain a list of all

8  persons to whom Confidential Material has been disclosed as well as the written

9  assurances executed by such persons as provided in Paragraph B(1).  For good

10  cause shown in connection with any question of improper disclosure, a

11  Designating Party may request the Court to order a party to disclose in camera a

12  list of all persons to whom "Confidential Material" has been disclosed as well as

13  the written assurances executed by such persons.  Excluded from this requirement

14  are the Court and Court personnel, and counsel and staff for the Parties.

15  **C.    Protecting Confidential Materials at Depositions:**

16      1.   If either party determines that Confidential Material may be

17  disclosed during the course of any deposition, such counsel shall be entitled to

18  request that any persons present at the deposition, including the court reporter,

19  sign an Acknowledgment in the form attached hereto as Exhibit "A" or be served

20  with a copy of the Court's Order regarding Confidentiality of Designated

21  Materials.

22      2.   If any Confidential Material is marked as an exhibit in a deposition,

23  or during a hearing herein, and/or its contents are disclosed, wholly or partially, in

24  the course of the testimony at such deposition, or hearing, counsel for the parties

25  shall advise the reporter taking and transcribing the testimony at such deposition

26  or hearing of the portions of such testimony that refer to Confidential Material,

27  and the exhibit itself, as well as the portions of the transcript containing such

28  disclosure, shall be marked "Confidential Material" or "Confidential" and shall be

1  deemed Confidential Material.  To this end, the reporter shall not furnish copies

2  thereof to anyone other than counsel of record for the Parties, and, if so requested

3  by such counsel, the witness and/or the witness' counsel.

4      **D. Use of Confidential Information in Court Filings:**

5      Without written permission from the Designating Party or a court order

6  secured after appropriate notice to all interested persons, a party may not file any

7  Confidential Material in the public record in this Action.  To the extent a party

8  chooses to file material under seal that was previously designated by any party as

9  Confidential Material, the filing party must comply with Civil Local Rule 79-5.

10  Any document designated as Confidential Material is deemed appropriate for

11  filing under seal only if the party intending to file it as such submits an

12  application complying with Civil Local Rule 79-5 that is subsequently granted by

13  the Court.  The Parties agree to endeavor to minimize the number of documents

14  filed with the Court that contain confidential information and to meet and confer

15  in good faith regarding the manner in which they can do so (such as by

16  redaction).

17      **E.    Challenging a Confidential Designation:**

18      Pursuant to Paragraph A(1), a "Designating Party" may only designate

19  materials which it is "good faith" believes are entitled to protection from

20  disclosure under the law.  If at any time during this litigation a party ("Objecting

21  Party") disputes a designation of discovery material as "Confidential," the

22  Objecting Party will notify the Designating Party in writing by facsimile or email

23  that he/she/it disagrees with the designation. The notice will identify the material

24  in dispute and explain the basis for the objection.  The Designating Party will

25  have 10 calendar days to provide a written response via facsimile or email to the

26  objection, explaining his/her/its reason for designating the material at issue as

27  Confidential Material.  Should the Designating Party provide a timely response

28  and the Objecting Party dispute the reasons provided, the Objecting Party may

6

1  utilize the discovery dispute resolution procedures outlined in Civil Local Rule
2  37.

3       Throughout the dispute resolution procedure in this paragraph, the
4  Designating Party will have the burden of demonstrating that the material at issue
5  is properly designated as confidential under California law. In the event of a
6  dispute over the confidentiality of particular material, the Parties will continue to
7  treat the disputed discovery material as confidential until the dispute is resolved.

8      **F.**    **Non-Party Subpoenas:**

9      If any party is served with a subpoena issued in other litigation that
10  compels production or disclosure of any Confidential Material, that party (the
11  "Subpoenaed Party") shall give written notice, as soon as practicable and in no
12  event not more than five business days after receiving the subpoena to counsel for
13  the Designating Party, which notice shall enclose a copy of the subpoena. The
14  Subpoenaed Party shall not produce or disclose any of the designated documents
15  or information for a period of ten business days, if possible without violating the
16  subpoena, after providing such notice to the Designating Party, and in no event
17  shall such production or disclosure be made before such notice is given. If,
18  within ten business days of receiving such notice, the Designating Party objects to
19  such production or disclosure through the process of a court filing, the
20  Subpoenaed Party shall not make such production or disclosure except pursuant
21  to a court order requiring compliance. Nothing in this Order shall be construed as
22  authorizing a party to disobey a lawful directive from another court.

23      **G.**    **No Restrictions:**

24      Nothing in this Stipulated Protective Order shall (1) restrict any of the
25  Parties' rights with respect to his/her/its own documents or information, (2)
26  restrict any of the Parties' rights with regard to Discovery Materials that have not
27  been designated as Confidential Materials, (3) prejudice any of the Parties' rights
28  to object to the production or disclosure of documents or other information that it

considers not subject to discovery, or (4) prejudice any of the Parties' rights to seek by moving the Court, greater or lesser protection than that provided herein, or modification of the terms of this Stipulated Protective Order.

**H.     Duration of Order and Return of Confidential Materials:**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhausting of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

Within 60 days after the final disposition  of this Action and notice from the Designating Party, all materials designated as Confidential Material shall be returned to the Designating Party or destroyed under supervision of counsel.  This provision shall not apply to court filings or file copies of pleadings, deposition transcripts and exhibits thereto, briefs or correspondence maintained by the Parties' respective counsel in the ordinary course of business.

**I.     Binding Effect:**

This Stipulation shall remain in full force and effect at all times during which any party to this Stipulated Protective Order or any person having executed the acknowledgment described in Paragraph B(1) above retains in his, her, or its possession, custody or control of any Confidential Material.

**J.     Additional Parties to Lawsuit:**

In the event that other parties are added to this Action, no Confidential Material previously exchanged, produced or used herein shall be disclosed to such additional parties' counsel except upon their agreement to be bound by the provisions of this Stipulated Protective Order.

**K.     Additional Rights:**

This Stipulated Protective Order is without prejudice to the right of any party to move the Court for an order for good cause shown for protection of Confidential Material sought by or produced through discovery, which protection is different from or in addition to that provided for in this Stipulated Protective Order, and such right is expressly reserved to the parties.   Similarly, each party expressly reserves the right at any time to request the Court to authorize disclosure other than contemplated hereunder of materials subject to this Stipulated Protective Order.

**L.     Counterparts:**

This Stipulation may be signed in counterparts which together shall constitute one complete document, and by facsimile signatures, which shall be deemed to be originals.

**IT IS SO STIPULATED.**

Date:  March 17, 2014          FISHER & PHILLIPS LLP

By:  _____
GRACE Y. HOROUPIAN
COLLIN D. COOK
Attorneys for Defendants,
Kiewit Infrastructure West Co. and
Mass Electric Construction Co.

Date:  March 17, 2014          MAGNANIMO & DEAN LLP

By:  _____
REBECCA L. GOMBOS
Attorneys for Plaintiff,
Mike Marquez

9

Error! Unknown document property name.

# EXHIBIT "A"

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ , do solemnly swear that I have read in its entirety and understand the terms of this Stipulated Protective Order regarding production and disclosure of private and/or confidential information that was issued by the United States District Court for the Central District in the action entitled *Mike Marquez v. Kiewit Infrastructure West Co. et al.* Case No. CIV14-00287 ABC (JEMx). I hereby agree to comply with and be bound by the terms and conditions of this Order. I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____     _____
                             Signature

                             _____
                             Print Name